**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HARVEST MIDSTREAM COMPANY**                    **CIVIL ACTION**

**v.**                                                                         **NO: 26-0537**

**ROBERT C. WILLIAMS, JR ET AL**                    **SECTION: C (3)**

### ORDER AND REASONS

Plaintiff, Harvest Midstream Company, seeks an injunction against defendants, Robert and Elizabeth Williams, to stop construction near its crude oil pipeline. The request is DENIED.

### BACKGROUND

Harvest owns and operates an underground pipeline that crosses the Williams' property pursuant to a right of way agreement executed in 1951. The Williams are building a residence on their property.

On March 12, 2026, Harvest filed a complaint and a motion for a temporary restraining order and preliminary injunction in this court. Harvest asserts the Williams construction poses an imminent and long-term risk to the pipeline and creates a significant safety hazard in violation of the right of way agreement. It seeks to enjoin the Williams from any construction activity within fifteen feet of the

pipeline, essentially establishing a thirty-foot corridor across the Williams property for the pipeline.

This court granted a restraining order on March 13, 2026, temporarily halting construction. The court ordered a preliminary injunction hearing for March 25, 2026. At the hearing, the parties agreed to consolidate the preliminary injunction hearing with trial on the merits pursuant to Federal Rules of Civil Procedure 65(a)(2).

ANALYSIS

Rule 65 of the Federal Rules of Civil Procedure sets forth the general procedure for injunctive relief. The substantive requirements are well settled. A plaintiff seeking a permanent injunction must show: (1) irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, an equitable remedy is warranted; and (4) public interest will not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The standards for a preliminary injunction are essentially the same, except plaintiff must show a likelihood of success on the merits rather than actual success. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 32 (2008). Because the parties stipulated to a final determination on the merits, calculating the "likelihood of success" is not necessary.

The right of way agreement provides a right to "lay, construct, operate, maintain, inspect, repair, replace, change the size of, and remove" the pipeline and grants "at any and all reasonable times" the "right of ingress to and egress from such pipelines for all purposes of this grant." Harvest argues this grants broad rights to operate and access the pipeline. However, the parties agree the right of way agreement does not expressly define its width. Thus, Harvest claims a thirty-foot corridor is customary, reasonable and necessary for the use of the right of way. They argue construction within this corridor constitutes breach of the agreement and entitles them to an injunction.

To establish a breach of contract under Louisiana law, a party must prove (1) an obligation to perform, (2) failure to perform, and (3) resulting damages. *Favrot v. Favrot*, 10-0986 (La. App. 4th Cir. 2/9/11), 68 So.3d 1099, 1108-09. Because the right of way agreement does not expressly establish a specific width, the grant is limited to the width necessary for an excavation adequate to receive the pipeline. *Texas Eastern Transmission Corp. v. Terzia*, 138 So.2d 874, 876 (La. App. 2nd Cir. 3/7/62); *Dickson v. Arkansas Louisiana Gas Company*, 193 So. 246, 249 (La. App. 2nd Cir. 6/28/39); *Wilson v. Scurlock Oil Co.*, 126 So.2d 429, 433-34 (La. App. 2nd Cir. 12/19/60).

The evidence is conflicting as to what is necessary to use the servitude. Both parties provided experts who opined as to the width reasonably necessary to operate

and maintain the right of way. While both were persuasive, neither was convincing. The burden of proof rested with Harvest, thus, it failed.  While access is undoubtedly necessary to operate and maintain the pipeline, the evidence failed to establish that the piles and proposed residence will likely prevent such access.

The facts also failed to establish an immediate need for access. The pipeline is buried at approximately 4.5 feet below the surface. Piles for the residence have been installed. The closest four are approximately seven feet away from the pipeline. There is no evidence of damage to the pipeline from installation of the piles. The Williams counter with expert testimony that this twelve-inch pipeline can be accessed within a ten-foot space, five feet on each side of the pipeline. The expert testimony is in conflict as to whether thirty feet is necessary or convenient.

Doubt as to the extent of a servitude should be resolved in favor of the servient estate. La. Civ. Code art. 730. Rights that are necessary for the use of a servitude are acquired at the time the servitude is established and are to be exercised in a way least inconvenient for the servient estate. La. Civ. Code art. 743. If the title is silent as to the extent and manner of use of the servitude, the intention of the parties is to be determined in the light of its purpose. La. Civ. Code art. 749.

The safety issues expressed by Harvest are real and their concern is prudent. But absent any imminent damage the risks are speculative. While the pipeline will

4

surely need to be accessed over time, that need is not immediately present, and its future date is uncertain. It does not give rise to the high standard required to enter an injunction. The evidence failed to establish a risk of imminent harm.

CONCLUSION

Accordingly, IT IS ORDERED that the plaintiff's request for injunctive relief is DENIED. IT IS FURTHER ORDERED that the temporary restraining order entered on March 13, 2026 (Rec. Doc. 7) is VACATED.

New Orleans, Louisiana this __27th__ day of March 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

5